UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tera LISICKY, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>USAA CASUALTY INSURANCE COMPANY, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 18-cv-1642-W-AGS<br><br>**REPORT AND RECOMMENDATION TO APPROVE MINOR'S COMPROMISE (ECF No. 21)** |

Plaintiff S.L., a minor, by and through his guardian *ad litem*, Adam Lisicky, seeks an order approving a proposed settlement of all his claims. Because the settlement serves the minor's best interests, the Court recommends that the motion be granted.

## BACKGROUND

This suit arises from allegations against defendant USAA Casualty Insurance Company for breach of contract and breach of the implied covenant of good faith and fair dealing. (ECF No. 20, at 1.) On April 22, 2016, plaintiff Tera Lisicky–who was 31 weeks pregnant–was injured in an automobile-related accident. She submitted a claim to USAA for payment under her family's automobile insurance policy. USAA denied plaintiffs' claims, and this action followed. (*Id*. at 2.)

Plaintiffs and defendant reached a settlement through private mediation. The

1

settlement agreement was provided to the Court, along with the total settlement amount, the amount paid to the non-minor plaintiff, and the amount paid to plaintiffs' attorney. The total settlement amount is ▮▮▮, of which S.L. will receive ▮▮▮. (*Id*. at 5.) The minor's funds will be deposited into a structured settlement annuity. (*See id.* at 9.)

## DISCUSSION

District courts have "a special duty" to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the settlement context, that duty requires the court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (citations omitted). The Court is required to limit the scope of its review to "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minors' specific claim, and recovery in similar cases." *Id.* at 1182. "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.*

Having reviewed the complaint, minor's compromise motion, and settlement terms, the Court is familiar with this case's facts and legal issues. With that experience in mind, the Court recognizes that litigation is always uncertain and concludes that the proposed settlement is fair, reasonable, and in the minor's best interests. Although plaintiffs allege that S.L. was born nine weeks premature, there is no indication that he was otherwise badly injured as a result of the accident.

Moreover, the minor's recovery in this case is reasonable in light of those approved in similar cases. *See, e.g., Birdgman v. U.S.*, No. 1:13-cv-0753-SKO, 2014 WL 6610405, at *2 (E.D. Cal. Nov. 20, 2014) (approving an automobile accident settlement where the minor received $35,000); *Stevens v. United States*, No. 4:17-cv-05312-DMR, 2018 WL 1900159, at *2 (N.D. Cal. Apr. 20, 2018) (approving an automobile accident settlement where the minor received $25,000).

Accordingly, the Court recommends:
1. The motion to approve the settlement be granted; and
2. The compromise and settlement of the claims of minor S.L. be approved as fair, reasonable, and in his best interest.

Any objections to this report and recommendation are due by July 31, 2019. *See* 28 U.S.C. § 636(b)(1). A party may respond to any such objection within 14 days of being served with it. *See* Fed. R. Civ. P. 72(b)(2).

Dated: July 17, 2019

Hon. Andrew G. Schopler
United States Magistrate Judge